**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LOTFOLAH KAVEH AFRASIABI,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FÉDÉRATION INTERNATIONALE DE FOOTBALL, et al.,**<br><br>**Defendants.** | **Civil Action No. 26-13002-DJC** |

**MEMORANDUM AND ORDER**

**CASPER, C.J.** **August 26, 2026**

*Pro se* plaintiff Lotfolah Kaveh Afrasiabi ("Afrasiabi") has filed a complaint against the Fédération Internationale de Football Association ("FIFA"), FIFA President Gianni Infantino, and "Anonymous VAR Officials" of the June 26, 2026 Iran-Egypt match at the 2026 FIFA World Cup (collectively, "Defendants"), alleging that FIFA "ignored and, in effect, tolerated a systematic pattern of unequal treatment and discrimination at the 2026 World Cup. D. 1 ¶ 12. Afrasiabi states that this is a class action lawsuit on behalf of "Iranian nationals and or of Iranian descent who support the national football team at the 2026 FIFA World Cup." Id. ¶ 10. Afrasiabi has also filed a motion for leave to proceed *in forma pauperis*, D. 2, and a motion for a preliminary injunction to enjoin the sale of FIFA's assets, D. 4. As set forth below, the Court ALLOWS the *in forma pauperis* motion and DISMISSES this action.

## I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of the motion for leave to proceed *in forma pauperis*, D. 2. the Court concludes that Afrasiabi has adequately demonstrated his inability to prepay the filing fee. Accordingly, this motion, D. 2, is ALLOWED.

## II. Review of the Complaint

Because Afrasiabi is proceeding *in forma pauperis*, his complaint is subject to a preliminary screening. Under federal law, the Court may dismiss the complaint of a plaintiff proceeding *in forma pauperis* if the claims in the pleading are malicious or frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages against a party that is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes Afrasiabi's pleading because he is proceeding *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### A. Afrasiabi's Claims

According to Afrasiabi, under "rules and regulation [] reflected in the 20226 FIFA Legal Handbook," FIFA is "formally obligated to maintain 'fair and equal treatment' of all FIFA members participating in the FIFA world cup games." D. 1 ¶¶ 11-12. Afrasiabi claims that, "contrary to its own standards and legal obligations . . . FIFA ignored, and in effect, tolerated a systematic pattern of unequal treatment and discrimination against the Iran national team at the 2026 World Cup." Id. ¶ 12. This alleged "systematic pattern" of mistreatment included "[t]he deprivation of Iran team from adequate pre-game preparations," "indifference to the insurmountable hardship imposed on Iran National team in the form of forced departures from the United states immediately after the completion of each match, as well as denial of adequate time for the Iran team to enter the United States in order to prepare for their matches," "callous disregard for the public complaint of mistreatment at the players' locker room," and "[c]lear and incontrovertible evidence that the VAR decision to rule out Iran's second goal at the Iran-Egypt match was erroneous and deliberately designed to deprive Iran of victory." Id. Afrasiabi asserts that "Defendants' actions and omissions regarding the Iran national team . . . deeply affected the identify and emotional state of Plaintiffs and millions of Iranians and Iranian-Americans, by

causing irreparable emotional harm on them in light of the egregious discriminations against their beloved national team." Id. ¶ 14.

Afrasiabi asserts four causes of action. In the claim for "Breach of Obligation to Fair and Equal Treatment," Afrasiabi claims that Defendants failed to "uphold the FIFA principle of fair and equal treatment of FIFA members, thereby "breach[ing] their obligation toward the team and its national supporters including tens of thousands of Iranian-Americans in the United States." Id. ¶ 25. Afrasiabi also asserts a claim for "Civil Conspiracy," alleging that Defendants' "civil conspiracy to prevent Iran's victory at the Iran-Egypt game" "deprived" Afrasiabi and the class members of their "rights and privileges," as they were "entitled to fair and equal treatment of their national team." Id. ¶ 27. Finally, Afrasiabi brings claims for intentional and unintentional infliction of emotional damage. Id. ¶¶ 28-29.

**B. Discussion**

**1. Afrasiabi Cannot Represent Other Litigants**

Unless Afrasiabi is a licensed attorney he cannot represent anyone other than himself. Although 28 U.S.C. § 1654 permits persons to proceed *pro se*, this statute does not allow unlicensed laypersons to represent a class, co-plaintiffs, or any other individuals. See, e.g., Amaro v. Att'y Gen. for New Mexico, 781 F. App'x 693, 695 (10th Cir. 2019) (stating that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others," and upholding district court's holding that the *pro se* plaintiff could not bring an action on a class's behalf) (quoting Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000))); Burrell v. DOCCS, 655 F. Supp. 3d 112, 134 (N.D.N.Y. 2023) (stating that "[i]nsofar as [plaintiff] purports to bring this action not only on his own behalf but also on behalf of a class of other inmates 'similarly situated,' it is well settled that a class action cannot be maintained by a pro se litigant because non-attorneys may not represent anyone other than themselves"); Sobin v. District

of Columbia, 480 F. Supp. 3d 210, 215 n.5 (D.D.C. 2020) (observing that *pro se* plaintiff had made a possible reference to a class action, and noting that "a *pro se* litigant may represent only himself in federal court"); Aldabe v. Cornell Univ., 296 F. Supp. 3d 367, 371 (D. Mass. 2017) (stating that "as a *pro se* litigant, [plaintiff] is not authorized to serve as the representative of a class").

**2. Failure to State a Claim Upon Which Relief May Be Granted**

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Further, "only a complaint that states a plausible claim for relief" states a claim upon which relief may be granted. Ashcroft v. Iqbal, 556 U.S. 678, 672 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged." Id. Relief must be available "under some actionable legal theory." Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015) (quoting Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 21 (1st Cir.2013)).

Here, Afrasiabi does not assert a claim under any actionable legal theory. Afrasiabi lacks standing to bring claims based on injuries to the Iranian soccer players arising from the Defendants' alleged breach of their obligations to the team. Subject to narrow exceptions not factually relevant here, "a litigant must assert his or her own legal rights and interest, and cannot rest a claim to relief on the legal rights or interests of third parties." St. Dominic Acad. v. Makin, 181 F.4th 11, 62 (1st Cir. 2026) (quoting Hollingsworth v. Perry, 570 U.S. 693, 708 (2013)).

Further, whatever alleged emotional harm Afrasiabi himself may have suffered because of the Defendants' alleged misconduct is not redressable under the law. Afrasiabi does not identify any legally enforceable obligation the Defendants have to him. In addition, Afrasiabi does not plausibly plead that Defendants negligently or intentionally inflicted emotional damage on him. See J.S.H. v. Newton, 164 F.4th 142, 149, 151 (1st Cir. 2026) (discussing elements of claims for negligent and intentional infliction of emotional distress).

Because it appears "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), the Court dismisses this action.

## III. Conclusion

For the foregoing reasons, the Court orders as follows:

1. The motion for leave to proceed *in forma pauperis*, D. 2, is ALLOWED.

2. This action is DISMISSED for failure to state a claim upon which relief may be granted.

3. In light of the above ruling, the motion for a preliminary injunction, D. 4, is DENIED as moot.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge